UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **SHERRY HILL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v.   ) | **Case No. 08-CV-2142** |
| ) | |
| **C.R. BARD, INC., a corporation, DAVOL,** ) | |
| **INC., a corporation, ADOLF LO, Ph.D., and** ) | |
| **SIDNEY ROHRSCHEIB, Ph.D.,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION**

On August 26, 2008, United States Magistrate Judge David G. Bernthal filed a Report and Recommendation (#7) in this case. On September 15, 2008, Defendants Davol, Inc., and C.R. Bard, Inc., (hereinafter collectively known as "Bard"), filed their Objection to the Magistrate's Report and Recommendation (#11). This court has conducted a careful and thorough de novo review of Judge Bernthal's reasoning and Bard's Objections. Following this review, and for the reasons that follow, this court disagrees with Judge Bernthal's conclusion that the case should be remanded to state court. The court also GRANTS Defendants' Lo and Rohrscheib's Motions to Dismiss Counts 2 and 3 of the Amended Complaint (#17), (#9) and DENIES Plaintiff's Motion for Extension of Time to File Medical Certificate (#19).

BACKGROUND

Plaintiff filed her original state court complaint in the Circuit Court of the Sixth Judicial Circuit, Champaign County, on April 2, 2008. In her complaint, Plaintiff named Bard and Davol as Defendants and Dr. Adolf Lo and Dr. Sidney Rohrscheib as Respondents in Discovery. Plaintiff alleged a products liability complaint against Bard for personal injuries arising out of surgical mesh

patches that they manufactured. Plaintiff alleged that Davol, a wholly owned subsidiary of Bard, and Bard manufactured, designed, promoted and sold the patches to be surgically implanted in patients throughout the United States. Bard sold the patches through Davol. The patches are designed to fix the hernia by placing the patch on the inside of the abdominal wall and therefore pressuring the body to help hold the patch in place over the hernia defect. The patches were implanted into Plaintiff during a surgery on May 4, 2006, but the procedure failed and another surgery had to be conducted on August 24, 2006. At the August 24, 2006, surgery it was discovered that one of the patches had adhered to the Plaintiff's bowel. Two more patches were implemented. As a result of the unreasonably dangerous condition of the patch in question, Plaintiff alleges, she was injured and sustained damages by having to undergo the August 24, 2006 surgery and has suffered further complications. Drs. Lo and Rohrscheib were named as Respondents in Discovery in this original complaint, as they had performed the May 4, 2006, and August 24, 2006 surgeries, respectively.

On April 4, 2008, Bard filed its Notice of Removal in this court. In its Notice of Removal, Bard stated that this court had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeded the sum of $75,000 and there was complete diversity of citizenship between the parties. Bard had a good faith belief that the amount in controversy exceeded $75,000, as injuries alleged were severe and other plaintiffs had brought similar product liability actions against Bard in federal court, thus specifically pleading amounts in controversy over $75,000. Further, Plaintiff was a citizen of Illinois and Defendants Bard and Davol and were citizens of Delaware/Rhode Island and New Jersey, respectively. The case in this court was assigned the case number "08-CV-2084." Bard filed its Answer and Affirmative Defenses on the same day,

On April 23, 2008, Plaintiff filed her Motion to Remand Pursuant to 28 U.S.C. § 1447, or in the Alternative, for Leave to Amend Complaint Pursuant to Rule 15 of the Federal Rules of Civil Procedure. In the Motion, Plaintiff argued that Drs. Lo and Rohrscheib, as Respondents in Discovery, were considered parties under the Illinois Code of Civil Procedure, and thus diversity was destroyed, necessitating a remand to state court. In the alternative, as the Federal Rules of Civil Procedure do not have an analogous provision to the Illinois code treating Respondents in Discovery as parties, Plaintiff asked the court to allow her leave to amend her complaint to add the doctors. Plaintiff attached the Amended Complaint with its Motion to Remand. The Amended Complaint reincorporated the same claim against Bard, but added separate counts against Drs. Lo and Rohrscheib. Count 2 alleged professional negligence against Dr. Lo, who performed the May 4, 2006 surgery, claiming that he was guilty of professional negligence and in the alternative to Count 1 (against Bard) that Lo's professional negligence caused Plaintiff's injury and necessitated the August 24, 2006 surgery. Count 3 alleged professional negligence against Dr. Rohrscheib, who performed the August 24, 2006 surgery, and in the alternative to Count 1, caused Plaintiff to suffer injury to her right nerve. Plaintiff did not file, and has not filed at any time during the course of this litigation nor by affidavit asked for extension of time to file, a physician's certificate of merit as required under 735 Ill. Comp. Stat. 5/2-622 (West 2008).

On May 28, 2008, Magistrate Judge Bernthal issued an Order granting Plaintiff leave to file the Amended Complaint. On May 30, 2008, this court, having accepted and reviewed the Amended Complaint, entered an Order remanding the cause to the state court since the addition of Drs. Lo and Rohrscheib had destroyed diversity and the matter thus could not remain in federal court. Federal case No. 08-CV-2084 was over.

On June 27, 2008, the present federal case commenced when Bard filed another Notice of Removal (#1), removing the case from state court and back to federal court. In this Notice (#1), Bard reiterated its earlier claims about the amount in controversy exceeding $75,000 and Bard and Doval being diverse from Plaintiff. Bard also argued that Defendants Lo and Rohrscheib were not properly joined as parties, but rather were added simply to defeat diversity jurisdiction. Bard pointed out that Plaintiff had not filed a Section 2-622 affidavit, which was necessary under Illinois law to convert Lo and Rohrscheib from Respondents in Discovery to defendants. Bard argued that this failure to comply with Illinois state law at a time when Plaintiff was seeking to have the cause remanded to state court indicated the lack of a good faith intention to pursue a real claim against the doctors. Bard also advanced an argument that the doctors had been misjoined and should be severed from the action against Bard because the Plaintiff's claims against the doctors do not arise from the same transaction or occurrence as the Plaintiff's claims against Bard. The case was assigned the case number "08-CV-2142."

On July 7, 2008, Plaintiff filed her Motion to Remand (#4). Plaintiff argued that Bard's second removal was without merit and that as there was specific negligence, there was a good faith basis for joining the doctors as defendants. Plaintiff also referred to Bard's misjoinder argument as "specious." On July 21, 2008, Bard filed its Opposition to Plaintiff's Motion to Remand (#5). Here, Bard argued that (1) the products liability claim against Bard and the negligence claims against the doctors were fraudulently joined and (2) even if Plaintiff stated valid causes of action against the doctors, joining them with the claims against Bard would be improper. Bard essentially repeated the arguments against removal that it had made in its Notice of Removal (#1).

On August 26, 2008, Magistrate Judge Bernthal issued his Report and Recommendation (#7)

in the instant case. Judge Bernthal recommended that Motion to Remand (#4) should be granted and the matter returned to state court. In addressing Bard's arguments, the Report notes that, as to the fraudulent joinder argument, Plaintiff failed to cite a single case or statute in support of her position. However, where ordinarily failure to support an argument with citation to pertinent authority would constitute a waiver of that point, the Report was compelled to address the issue because it concerned subject matter jurisdiction. Judge Bernthal noted that the removing party bears the burden of proving fraudulent joinder and must show that, after resolving all issues of fact and law in favor of the plaintiff, that the plaintiff cannot establish a cause of action against the nondiverse defendant. To decide, it comes down to one question: Is there any reasonable possibility that a state court could rule against a nondiverse defendant? If yes, joinder is not fraudulent. Judge Bernthal determined that the only reason Plaintiff failed to state a claim was the procedural defect of failing to attach a certificate of merit from a licensed physician to her complaint. Failing to state the claim was not the same as having "no probability of success." Based on the present allegations in her complaint, Judge Bernthal could not say that "Plaintiff ha[d] absolutely no possibility of success in her medical malpractice complaint against the doctors." Judge Bernthal acknowledged situations where no possibility of success defeated remand included where the statute of limitations had run or where state law did not impose liability on the parties at issue. Here, however, since the physician's certificate was a procedural defect which could be cured, fraudulent joinder had not occurred.

    Judge Bernthal also rejected Bard's claim of procedural misjoinder, declining to apply the doctrine of fraudulent misjoinder advocated by Bard and first used in Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353 (11th Cir. 1996), as the doctrine had not yet been considered by the Seventh Circuit and had been rejected by the Southern District of Illinois in Robinson v. Ortho-McNeill

5

Pharm., Inc., 533 F.Supp.2d 838 (S.D. Ill. 2008). Bard filed its Objection to Magistrate's Report and Recommendation (#11) on September 15, 2008.

Defendant Dr. Rohrscheib filed a Motion to Dismiss Count 3 of Amended Complaint (#9) on September 10, 2008. Defendant Dr. Lo filed a Motion to Dismiss Count 2 of Amended Complaint (#17) on September 19, 2008. In their Motions to Dismiss the doctors adopt the arguments put forth by Bard about fraudulent joinder, and argue that since the statute of limitations has run, a physician's certificate of merit can not now be attached to the complaint and the complaint must fail in state court, thus the case against them must be dismissed. Plaintiff filed her Response to the Motion to Dismiss (#18) on September 29, 2008, arguing that because of Bard's removal of the case, she did not have time to depose Drs. Lo and Rohrscheib. Had the case remained in state court, Plaintiff argues, she would have had six months in which to depose the doctors. Plaintiff asked for 90 days from the time this court determines who has ultimate jurisdiction to file the physician's certificate. Plaintiff filed a Motion (#19) to that effect on the same day as her Response. Plaintiff also claimed in her Response that she had consulted with a physician who had reviewed the file as to Dr. Rohrscheib and advised that there was a meritorious claim against the doctor, but refused to sign the report in that he had served as a expert witness on numerous occasions on behalf of doctors insured by the same insurer as Rohrscheib. Plaintiff claims that she is in the process of obtaining another reviewing physician and that there are legitimate reasons for the delay in obtaining a certificate.

## ANALYSIS

This court agrees with Bard that there is no possible way for Plaintiff's claims against the doctors to succeed in state court as they are deficient for lacking a physician's certificate as required

by 735 Ill. Comp. Stat. 5/2-622 and the statute of limitations has run on filing the certificate. Therefore, this court cannot accept the recommendation to grant Plaintiff's Motion to Remand (#4) to state court. Since we have decided this case based on other grounds, we need not address the issue of procedural misjoinder. Accordingly, because the Motions to Dismiss Counts 2 and 3 filed by the doctors are so intertwined with the 2-622 certificate issue, we will GRANT the Motions to Dismiss (#9), (#17) and DENY Plaintiff's Motion for Extension of Time to File a Physician's Certificate (#19).

## I. REPORT AND RECOMMENDATION

### A. Standard of Review

When the magistrate judge makes a recommendation on a dispositive matter, and objections are filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### B. Fraudulent Joinder

Although plaintiffs are normally free to choose their own forum, they may not join an in-state defendant solely for the purpose of defeating federal jurisdiction. Schwartz v. State Farm Mut. Auto. Ins. Co., 174 F.3d 875, 878 (7th Cir. 1999). "Such joinder is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'" Schwartz, 174 F.3d at 878, quoting Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992). This court must therefore determine whether, based on Illinois law, there is a reasonable probability that Plaintiff could recover against

Drs. Lo and Rohrscheib.  See Schwartz, 174 F.3d at 878.

### C. Medical Negligence Claim

#### 1. Section 2-622

Under the Illinois Code of Civil Procedure, in a medical negligence case in which a plaintiff seeks to recover damages from injuries sustained due to medical malpractice, that plaintiff must attach a report from a qualified health professional stating that she or he has reviewed the medical records and believes that the plaintiff has a reasonable and meritorious cause to file the action.  735 Ill. Comp. Stat. 5/2-622(a)(1) (West 2008); Hobbs v. Lorenz, 786 N.E.2d 260, 263 (Ill.App.Ct. 2003).  "Under section 2-622(a)(2) of the Code, an affidavit must be provided, stating that the report cannot be procured prior to the expiration of the limitations period, in which case the plaintiff is given 90 days to procure and file the requested documents."  Hobbs, 786 N.E.2d at 263.  Next, "[u]nder section 2-622(a)(3) of the Code, the affidavit must state that counsel has made a request for records pursuant to section 8-2001 of the Code (735 ILCS 5/8-2001 (West 2000)), and that the party to whom the request was made failed to comply within 60 days, whereupon the plaintiff is granted 90 days from the time the records are received to file the required report."  Hobbs, 786 N.E.2d at 263.

The Illinois courts liberally construe section 2-622 so that plaintiffs do not lose substantive rights merely because they have not strictly complied with the statute.  Hobbs, 786 N.E.2d at 263.  However, if a plaintiff does not comply with section 2-622, the trial court may in its discretion dismiss the complaint with prejudice.  McCastle v. Sheinkop, 520 N.E.2d 293 (Ill. 1987).

Although it has not been explicitly stated, there has been clear language from the Seventh Circuit accepting, without question, that section 2-622 applies to medical malpractice claims filed

in federal court in Illinois. See Sherrod v. Lingle, 223 F.3d 605, 613 (7th Cir. 2000). This court has, in the past, concluded that the message of Sherrod is that federal courts should apply section 2-622 to medical malpractice claims, and will continue to do so in the instant case. Winfrey v. Walsh, 2007 WL 4556701, at *1 (C.D. Ill. 2007).

2. Statute of Limitations

Under Illinois law, the statute of limitations for a claim against a physician based on medical malpractice is two years after the date on which the plaintiff knew or should have known based on reasonable diligence of the injury. 735 ILCS 5/13-212 (West 2008); Orlak v. Loyola University Health System, 885 N.E.2d 999, 1003 (Ill. 2007).

In Hobbs v. Lorenz, the plaintiff sued defendant doctors for medical malpractice, alleging that he suffered serious and permanent injuries as a result of the defendants' deviation from the standard of care before, during, and after they performed back surgery on him. Hobbs, 786 N.E.2d at 262. The surgery was performed on February 5, 1999, and the plaintiff remained in the defendants' care until May 1999. On August 1, 1999, the plaintiff learned that his vagus nerve was damaged. The plaintiff filed his complaint on February 2, 2001, alleging medical malpractice. A health professional's report as required by section 2-622 was not attached to the complaint, but the complaint did include an affidavit from the plaintiff's attorney that he had been unable to consult with a health professional before the limitations period expired. Hobbs, 786 N.E.2d at 262.

On July 31, 2001, the defendants moved to dismiss the complaint, citing section 2-622(g) of the Code which provides that failure to file a section 2-622 certificate shall be grounds for dismissal and that although the 90-day extension authorized under section 2-622(a)(2) had expired on May 8, 2001, the plaintiff had not filed the required report from a health professional or sought

9

an extension. Hobbs, 786 N.E.2d at 262. The plaintiffs sought leave to amend the complaint to attach an updated affidavit pursuant to 2-622(a)(3) to notify the court of the current status of the plaintiff's medical records request. The plaintiff, in the accompanying affidavit, asserted that on February 7, 2001, he had asked the hospital for records of the treatment he received after the defendants treated him, but that the hospital was still searching for the records. He also stated that on July 18, 2001, he had sent the defendants a notice to produce copies of the plaintiff's medical records, but the defendants had not complied. The plaintiff sought leave to amend his complaint to include this information so that he could file the health professional's affidavit within 90 days after he received the records. Hobbs, 786 N.E.2d at 262.

The defendants responded to the plaintiff's motion by arguing that the plaintiff could not now invoke section 2-622(a)(3) because the original complaint did not inform the trial court that the plaintiff was awaiting receipt of the records that he needed from the defendants. The defendants also observed that when the plaintiff filed his complaint, he could not have invoked section 2-622(a)(3) because he did not send the defendants the notice to produce until five months later. The trial court agreed with the defendants and granted their motion to dismiss with prejudice.

On review, the Second District Appellate Court affirmed the trial court's dismissal. Hobbs, 786 N.E.2d at 264. The court found that the trial court did not abuse its discretion in dismissing the complaint with prejudice. Hobbs, 786 N.E.2d at 264. The court noted that the plaintiff's initial minimal compliance with section 2-622, where the plaintiff attached a proper 2-622(a)(2) affidavit was of little consequence and the trial court was well within its discretion in denying to plaintiff the opportunity to further satisfy section 2-622. The court wrote:

"Plaintiff is correct that his original complaint complied with section 2-

622(a)(2), thus giving him 90 days more in which to file the health professional's report that he knew he needed. However, in those 90 days, plaintiff did little or nothing toward supplying the report. Although plaintiff's attorney could have immediately ordered plaintiff's medical records from defendant's via section 8-2003 of the Code (735 ILCS 5/8-2003 (West 2000)), counsel inexplicably failed to do so. Furthermore, counsel not only neglected to use section 8-2003 but also allowed the 90-day extension to expire without seeking a further extension from the trial court. Not until about five months after filing the complaint did plaintiff demand the records by issuing a notice to produce under the discovery rules." Hobbs, 786 N.E.2d at 264.

The court noted that the trial court did not dismiss the complaint when it was initially filed, as the plaintiff had followed section 2-622(a)(2), but rather dismissed it for what the plaintiff failed to do after filing. Seven months had elapsed between the filing and the dismissal, during which time the plaintiff had not obtained the needed medical records, let alone the required consultation with a qualified health profession. Hobbs, 786 N.E.2d at 264. The court also concluded that the trial court was not obligated to grant plaintiff leave to amend his complaint to invoke section 2-622(a)(3). The court noted that plaintiff's requests to file were more than seven months after the initial filing and two months after the expiration of the 90 day extension that had been granted by the trial court. Hobbs, 786 N.E.2d at 264.

The Seventh Circuit has held that fraudulent joinder can be found when the statute of limitations for a cause of action against a joined party had run and thus there is no possibility that a plaintiff could state a cause of action against nondiverse defendants in state court. See LeBlang

Motors, Ltd. v. Subaru of America, Inc., 148 F.3d 680, 690 (7th Cir. 1998) (the court wrote, in reviewing a district court's finding that the statute of limitations had expired against two nondiverse defendants and thus dismissed them as fraudulently joined, "We must determine whether the statute of limitations had run against Wright and Knight as of November 26, 1996, the date LeBlang filed *LeBlang III* in state court. If the time to bring the cause of action had expired, then the district court was correct in dismissing Wright and Knight as fraudulently joined. See Gottlieb v. Westin Hotel, Co., 990 F.2d 323, 327 (7th Cir. 1993) (fraudulent joinder occurs when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court.)").

In the instant case, the current status of the case against defendants Lo and Rohrscheib can best be summarized as follows: Plaintiff filed her original state court complaint on April 2, 2008, naming Bard as defendant and Drs. Lo and Rohrscheib as Respondents -in- Discovery. It was not until the case had been removed to federal court that Plaintiff named the doctors as actual defendants, due to their medical negligence, in the Amended Complaint of May 28, 2008. A section 2-622 was not filed with the complaint, as required by Illinois law. Since the filing of the Amended Complaint, no such section 2-622 physician's certificate has been filed, nor has an affidavit stating that the report cannot be procured prior to the expiration of the limitations period under section 2-622(a)(2). Further, the court has not received an affidavit stating that Plaintiff's counsel has made a request for records pursuant to section 8-2001 of the Code of the Civil Procedure (735 ILCS 5/8-2001) and that the party to whom the request was made failed to comply within 60 days under section 2-622(a)(3).

This court has already stated that we believe that section 2-622 does apply to medical malpractice cases in federal courts and that it is necessary to attach the physician's certificate,

otherwise the case will be subject to dismissal. See Winfrey v. Walsh, 2007 WL 4556701, at *1 (C.D. Ill. 2007). The Illinois state courts, of course, do apply section 2-622. Therefore, in order for Plaintiff to have a possibility of success in state court against defendants Lo and Rohrscheib, a section 2-622 certificate would be required. Unfortunately for Plaintiff, the statute of limitations on her case will have run. As pointed out in Bard's Objection (#11), Plaintiff's cause of action against Dr. Lo began to accrue on May 4, 2006, and against Dr. Rohrscheib on August 24, 2006. In her Amended Complaint, Plaintiff alleges her injuries were caused by actions on those dates. As of August 24, 2008, the two year statute of limitations on filing those medical malpractice claims will have passed. Under section 2-622, as there was no physician's certificate filed with the Amended Complaint, a 90-day extension must have been on file by August 24, 2008. See 735 Ill. Comp. Stat. 5/2-622(a)(2) (West 2008). We agree with Bard's contention in its Objection (#11) that because of Plaintiff's total failure with regard to compliance with any section of 2-622, Plaintiff's claims against the doctors would have no success in state court.

In Hobbs, the Illinois appellate court affirmed the dismissal with prejudice of a case because no section 2-622 certificate had been filed, even though the original complaint had included a proper section 2-622(a)(2) affidavit asking for a 90 day extension. Hobbs, 786 N.E.2d at 264. In that case, two months after the 90 day extension had been granted, there was still no section 2-622 certificate. Here, the causes of action against the doctors accrued in May and August 2006. The complaint against them was filed in May 2008. Unlike Hobbs, however, not only did Plaintiff not attach a section 2-622 certificate, but Plaintiff did not even attach an affidavit under section 2-622(a)(2) asking for the 90-day extension. Regardless, even if Plaintiff had asked for the 90 extension in May, it would have expired in August.

Plaintiff's time to file a section 2-622 certificate has expired and the statute of limitations on her complaint has run. A section 2-622 certificate is required in federal court, just as it is in state court. Were the case to return to state court, the complaint would be defective for not having the certificate and there would be no possibility of success against the doctor defendants as the statute of limitations, which had begun to accrue at the latest in August 2006, will have expired in August 2008 and Plaintiff will have never (1) filed a proper 2-622 certificate at the time of the filing or within 90 days of the filing or (2) filed an affidavit pursuant to 2-622(a)(2). The Seventh Circuit has found that the expiration of a statute of limitations for a cause of action against a party can preclude success against that party in state court, and thus be grounds for a finding of fraudulent joinder in federal court. See LeBlang, 148 F.3d at 690. Therefore, this court finds that since the statute of limitations for filing a proper complaint with a section 2-622 certificate attached will have run, and also that since Plaintiff never attached an section 2-622(a)(2) affidavit to the amended complaint against the doctors asking for a 90-day extension, Plaintiff would have no possibility of success against the doctors in state court, they have been fraudulently joined in federal court for the purpose of defeating diversity jurisdiction, and the Motion for Remand must be DENIED.

II. Motions for Dismissal and Extension of Time to File Physician's Certificate

For the reasons cited above concerning the possibility of success in state court, this court now GRANTS Defendants Lo and Rohrscheib's Motions to Dismiss. Accordingly, this court DENIES Plaintiff's Motion for Extension of Time to File a Certificate.

On September 10, 2008, Defendant Rohrscheib filed his Motion to Dismiss Count 3 of Amended Complaint (#9) and Dr. Lo filed his Motion to Dismiss Count 2 of Amended Complaint (#17) on September 19, 2008. In their Motions, the doctors indicated that in the Amended

Complaint filed May 28, 2008, Plaintiff failed to attach either (1) the certificate of merit or (2) an affidavit indicating that she was unable to obtain a consultation with a physician before the statute of limitations expired and requesting a 90 day extension under section 2-622(a)(2). The doctors indicated that it has been more than four months since the filing of the Amended Complaint and at no time has Plaintiff filed a report from a reviewing health professional or an affidavit in compliance with section 2-622(a)(2).

On September 29, 2008, Plaintiff filed her Response to Defendant Rohrscheib's Motion to Dismiss and Counter Motion for Leave to Amend (#18) and Motion for Extension of Time to File Medical Certificate (#19). On October 6, 2008, Plaintiff filed her Response to Defendant Lo's Motion to Dismiss Count 2 (#21). In her Responses, Plaintiff argued that if the case had remained in state court and not been removed to federal court, she would have had six months to depose and otherwise conduct discovery from the doctors prior to converting them to defendants. Plaintiff takes the position that she should have 90 days from the ultimate decision of this court concerning jurisdiction to file the medical certificate. However, "out of an abundance of caution," Plaintiff stated in the Motion that she was in the process of having the case reviewed with the objective being to file a report merit within 90 days. Plaintiff cited to the Sherrod case, where the Seventh Circuit held that refusing to allow a plaintiff to amend a medical malpractice claim by filing a certificate after the original complaint had been filed was an abuse of discretion. Sherrod, 223 F.3d at 614. Plaintiff also cites to Bommersbach v. Ruiz, 461 F.Supp.2d 743 (S.D. Ill. 2006), where a federal court found that a section 2-622 certificate should be attached to a claim which it construed as a medical malpractice claim. The court dismissed the claim, but did so without prejudice, allowing the plaintiff 90 days in which to file an amended complaint containing the affidavits required by 735

15

Ill. Comp. Stat. 5/2-622. Plaintiff further argued that she commenced to obtain a physician's review with the objective being to provide a medical certificate. The reviewing surgeon advised Plaintiff that there was a meritorious claim against the Dr. Rohrscheib, but was unwilling to sign the report because he had served as an expert witness on numerous occasions on behalf of physicians insured by the same insurer as Rohrscheib.

In granting Defendant doctors' Motions to Dismiss (#9), (#17), the court would refer to the reasons articulated above in denying Plaintiff's Motion to Remand (#4). There was nothing filed, neither a 2-622(a)(1) certificate nor a 2-622(a)(2) affidavit requesting a 90-day extension, at the time the Amended Complaint was filed. It has now been more than four months since the Amended Complaint was filed, and still no 2-622(a)(1) certificate or 2-622(a)(2) affidavit has been produced. Rather, Plaintiff has made claims in her Response that she is working on getting it done, but no physician has yet signed off on it. Without the 2-622(a)(2) certificate, the claim for medical malpractice against the doctor defendants cannot stand and this court is well within its discretion to dismiss counts 2 and 3 of the Amended Complaint against defendants Drs. Rohrscheib and Lo. See Hobbs, 786 N.E.2d at 264.

The cases cited by Plaintiff in her Response, Sherrod and Bommersbach, are distinguishable from the case at hand. In Sherrod, a physician's report had actually been filed pursuant to 2-622(a)(1), but the district court had found it insufficient under Illinois law. The Seventh Circuit wrote "[w]hen the certificate was filed but failed in some technical or minor respect, sound discretion also requires an opportunity to amend." Sherrod, 223 F.3d at 614. In the instant case, no certificate was ever filed, nor was a 2-622(a)(2) affidavit attached asking for a 90-day extension to file. Neither has been filed in the four months since the Amended Complaint was filed. In

Bommersbach, no section 2-622 certificate was filed because the plaintiff initially presented the case as a common law negligence case, but the district court instead construed it as a medical malpractice case under Illinois law. The argument was over whether or not the case was actually a medical malpractice case requiring a section 2-622 certificate. Bommersbach, 461 F.Supp.2d at 749. Once it had rejected the plaintiff's argument and had found that the case was indeed a medical malpractice case falling squarely within the ambit of 735 ILCS 5/2-622, the court dismissed the case without prejudice and allowed the plaintiff 90-days in which to file an amended complaint containing an affidavit required by section 2-622. Bommersbach, 461 F.Supp.2d at 749. Again, the instant case is distinguishable, as there has been no question from the outset that it is a claim for medical malpractice against Drs. Lo and Rohrscheib. As it is a medical malpractice case, the section 2-622 requirements needed to be met and Plaintiff should have known this. Plaintiff never argued that her claims were anything other than claims for medical malpractice against the doctors.

For the reasons stated above, and in the section on the Report and Recommendation, Defendants Rohrscheib and Lo's Motions to Dismiss (#9), (#17) are GRANTED. Plaintiff's Motion for Extension of Time to File Medical Certificate (#19) is DENIED. Plaintiff should have filed the proper section 2-622 documents at the time of the filing of the Amended Complaint. Even so, Plaintiff has not filed any of the required documents in the four months since the Amended Complaint's filing and only makes vague assertions in her Responses (#18), (#21) that she is talking to doctors about filing a certificate and that one doctor (who would not sign his name to a report) says the claim has merit. That is not sufficient. See 735 Ill. Comp. Stat. 5/2-622(a)(1), (2) (West 2008).

   IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion to Remand (#4) is DENIED.

(2) Defendant Rohrscheib's Motion to Dismiss Count 3 of Amended Complaint (#9) and Defendant Lo's Motion to Dismiss Count 2 of Amended Complaint (#17) are GRANTED.

(3) Counts 2 and 3 of the Amended Complaint are Dismissed with prejudice.

(4) Plaintiff's Motion for Extension of Time to File Medical Certificate (#19) is DENIED.

(5) The case is referred to Magistrate Judge David Bernthal for further proceedings in accordance with this Opinion.

ENTERED this  15th  day of October, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE